## Case Information

21DCV327342 | Dennis Beighle VS. Narinderjit Singh

| Case Number | Court | Judicial Officer |
|---|---|---|
| 21DCV327342 | 169th Judicial District Court | Starritt-Burnett, Cari |
| File Date | Case Type | Case Status |
| 09/14/2021 | Injury/Damage: Motor Vehicle | Active |

## Party

Plaintiff
Beighle, Dennis

Active Attorneys ▼
Lead Attorney
HILL, BRETT MICHAEL
Retained

Plaintiff
Beighle, Tina

Active Attorneys ▼
Lead Attorney
HILL, BRETT MICHAEL
Retained

Defendant
Singh, Narinderjit

Defendant
Masuta National Inc.

Active Attorneys ▼
Lead Attorney
ASPY, P. CLARK
Retained

EXHIBIT A

## Events and Hearings

09/14/2021 New Case Filed (OCA)

09/14/2021 Petition (e-File) ▾

    Comment
    PLAINTIFFS ORIGINAL PETITION

09/14/2021 Application (e-File) ▾

    Comment
    REQUEST FOR SERVICE ON DEFENDANTS

09/15/2021 Clerk's Copy ▾

    Comment
    CLERKS COPY OF CN/R X2 - HOLD FOR PICK-UP

09/15/2021 Citation ▾

Unserved

Anticipated Server
Private Server

Anticipated Method
In Person

09/15/2021 Citation ▾

Unserved

Anticipated Server
Private Server

Anticipated Method
In Person

12/10/2021 Served Service ▾

    Comment
    AFFIDAVIT OF SERVICE FOR MASUTA NATIONAL INC SERVED 12.07.21

EXHIBIT A

Details

12/29/2021 Answer ▾

Comment
DEFENDANT'S ORIGINAL ANSWER BY ASPY CM SAW

Filed 9/14/2021 11:10 AM
Joanna Staton, District Clerk
District Court - Bell County, TX
by Felicia Montgomery , Deputy

EXHIBIT A

## CAUSE NO. 21DCV327342

| | | |
|---|---|---|
| DENNIS BEIGHLE AND<br>TINA BEIGHLE, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | BELL COUNTY, TEXAS |
| | § | |
| NARINDERJIT SINGH, AND<br>MASUTA NATIONAL INC., | § | |
| | § | |
| Defendants. | § | 169th _____ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Dennis Beighle and Tina Beighle, Plaintiffs in the above numbered and entitled matter and files Plaintiff's Original Petition complaining of Defendant Narinderjit Singh and Masuta National Inc. As further proof thereof, Plaintiffs would show unto the Court the following:

### I.

### DISCOVERY LEVEL

Plaintiffs intend to conduct discovery level II under Texas Rules of Civil Procedure 190 because this suit involves monetary relief over $250,000.00 and less than $1,000,000.00.

### II.

### IDENTITY OF PARTIES

Plaintiff Dennis Beighle is an individual residing in Texas.

Plaintiff Tina Beighle is an individual residing in Texas.

Defendant Narinderjit Singh is a California resident who may be served with process at their residential address 222 Elgin Avenue, Lodi, CA 95240 or wherever they may be found.

Defendant Masuta National Inc. is a for-profit entity incorporated in The State of California which may be served with process by serving its registered agent, Jasdeep S. Masuta, who may be

served at, 7845 Sandals Place, Sacramento, CA 95829, or wherever they may be found.

## III.

## JURISDICTION AND VENUE

Jurisdiction and venue are proper within this Court as incident in question took place in Bell County, Texas and Plaintiffs are seeking a recovery within the jurisdiction limits of this Court. Plaintiffs are seeking monetary relief over $250,000.00. and less than $1,000,000.00.

## IV.

## FACTUAL BACKGROUND

On or about March 5, 2020, Plaintiffs Dennis Beighle and Tina Beighle were traveling northbound on Interstate Highway 35 in Bell County, Texas when suddenly and without warning Defendant, Narinderjit Singh, failed to maintain the speed and direction of his vehicle and crossed over into Plaintiffs lane and crashed into the driver's side portion of Plaintiffs' vehicle.  At the time of the collision, Narinderjit Singh was employed by, and in the scope of his employment with, Masuta National Inc. as a permissive user of their vehicle involved in the crash.

 Defendant Narinderjit Singh and Masuta National Inc. was the proximate cause of the subject crash. The impact caused the Plaintiffs severe property damage and personal injury and as a result they were forced to seek extensive medical treatment.

## V.

## NEGLIGENCE

Plaintiff would show that Defendant Narinderjit Singh owed Plaintiff a duty to:

1.  Adequately control their speed given the traffic conditions;

2.  Adequately control the direction of their vehicle so as to prevent and/or lessen the impact of the collision;

3.  To maintain an adequate and timely lookout by observing objects around them, their proximity

and movement; and

4.   To take proper evasive action.

Defendant, aware of the risks involved in operating a motor vehicle, breached these duties with conscious indifference to the rights, safety and welfare of Plaintiff and other pedestrians and motorists alike. Defendant's acts, when viewed objectively from the defendant's standpoint at the time it occurred, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. As such, Defendant is directly liable for their breach.

As a proximate result of said breaches Plaintiff suffered physical, emotional and economic injury.

## VI.

## ALLEGATION OF JOINT & SEVERAL LIABILITY

All of the Defendants jointly caused the wrongful conduct described hereinafter so as to be jointly and severally liable to Plaintiffs for each of the acts, omissions, breaches, malfeasance and causes of action set forth herein.

## VII.

## ALLEGATION OF VICARIOUS LIABILITY

Pleading in the alternative, if necessary, and without limiting or waiving any allegations, claims, defenses, causes of action, and/or theories of liability whatsoever, Plaintiffs aver that Narinderjit Singh was an agent for Masuta National Inc. and as performing acts within the course and scope of his agency at all times material to this action.  Specifically, Narinderjit Singh was acting as an employee of Masuta National Inc. with respect to his interaction with Plaintiff, namely operating a motor vehicle. In performing such acts on behalf of Masuta National Inc., Narinderjit Singh was carrying on and furthering the business interests of Masuta National Inc. Therefore, Masuta National Inc. is vicariously liable for the wrongful conduct of Narinderjit Singh under the doctrine of *respondeat superior*.

Further, pleading in the alternative, if necessary, and without limiting or waiving any allegations, claims, defenses or causes of action; and in the unlikely event that Narinderjit Singh did not have actual authority, either express or implied, to act on behalf of Masuta National Inc.; Plaintiff avers that Narinderjit Singh had apparent authority to perform such acts on behalf of Masuta National Inc. in that Masuta National Inc. knowingly permitted Narinderjit Singh to hold himself out as having such authority and Masuta National Inc.'s actions lacked such ordinary care as to clothe Narinderjit Singh with the indicia of authority. Therefore, Masuta National Inc. is vicariously liable for the wrongful conduct of Narinderjit Singh under the doctrine of *respondeat superior*.

## VIII.

## RULE 193.7 NOTICE

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives notice that all documents produced by any Defendant in response to written discovery authenticates the document(s) for use against that party in any proceeding before the Court.

## IX.

## CONDITIONS PRECEDENT

All conditions precedent to Plaintiff's claims for relief have been performed or have occurred.

## X.

## JURY DEMAND

Plaintiffs demand a trial by jury.

## XII.

## DAMAGES

Plaintiffs Dennis Beighle and Tina Beighle herein pray for recovery of the following elements of damage:

4

1.       Reasonable and necessary medical and pharmacy expenses incurred in the past and that in all reasonable probability will be incurred in the future:

2.       Physical pain and mental anguish which has occurred in the past and that in all reasonable probability will continue into the future;

3.       Disfigurement that has occurred in the past and that in all reasonable probability will continue into the future;

4.       Physical impairment sustained in the past and that in all reasonable probability will continue into the future;

5.       Exemplary damages;

6.       Costs of court; and

7.       Pre-judgment and post-judgment interest at the maximum allowable rate.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiffs Dennis Beighle and Tina Beighle respectfully prays that Defendants Narinderjit Singh and Masuta National Inc. be cited to appear and that Plaintiffs receive all relief to which they may be entitled, whether at law or in equity.

Respectfully Submitted,

**GIBSON HILL, P.C.**

By:  _/s/ Brett M. Hill_
Ty A. Gibson
Texas State Bar No. 24083069
ty@gibsonhillpc.com
**Brett Michael Hill**
Texas State Bar No. 24072776
brett@gibsonhillpc.com (e-service)
636 Hawthorne St.
Houston, Texas 77006
Telephone:      (713) 659-4000
Facsimile:      (713) 659-4001
***ATTORNEYS FOR PLAINTIFFS***

EXHIBIT A

server: HOLD FOR P/U

# THE STATE OF TEXAS

## NON-RESIDENT CITATION

### Cause No. **21DCV327342**



To

    MASUTA NATIONAL, INC.
    REGISTERED AGENT: JASDEEP S. MASUTA
    7845 SANDALS PLACE
    SACRAMENTO, CA 95829

Defendant, in the hereinafter styled and numbered cause:

You are hereby commanded to appear by filing a written answer to the **PLAINTIFFS' ORIGINAL PETITION** at or before 10:00 a.m. on the first Monday following the expiration of twenty (20) days from the date of service hereof, with the clerk of the **169th Judicial District Court**, Bell County, Texas, to be held at the Bell County Justice Complex Building, District Courts in Belton, Texas, a copy of which accompanies this citation, in cause number **21DCV327342**, styled

    **Dennis Beighle VS. Narinderjit Singh**

filed in said court on **September 14, 2021**.

This was issued at the request of attorney: **BRETT MICHAEL HILL  636 HAWTHORNE ST  HOUSTON TX 77006**

**NOTICE TO Defendant:** *You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer, with the clerk who issued this citation by 10:00 AM on the first Monday following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.*

Witness, Joanna Staton, District Clerk of Bell County, Texas.

Issued and given under my hand and seal of said Court at office in Belton, Texas, on September 15, 2021.

                        **Joanna Staton**
                        **District Clerk**
                        Bell County, Texas
                        1201 Huey Road
                        P.O. Box 909
                        Belton, Texas 76513

               By: _K. Simmons_ Deputy Clerk
                       K. Simmons

EXHIBIT A

## CITATION RETURN OF SERVICE IN ANOTHER STATE

**Cause No. 21DCV327342**

**Dennis Beighle VS. Narinderjit Singh**

IN THE
**169th Judicial District Court**
**BELL COUNTY, TEXAS**

ADDRESS FOR SERVICE:
**MASUTA NATIONAL, INC.**
**REGISTERED AGENT: JASDEEP S. MASUTA**
**7845 SANDALS PLACE**
**SACRAMENTO, CA 95829**

### OFFICER'S RETURN

Came to hand on the ___ day of _____, 20___, at ___ o'clock ___.m., and executed in _____ County, State of _____, by delivering to each of the within named defendants in person, a true copy of this Citation with the date of delivery endorsed thereon, together with the accompanying copy of the **PLAINTIFFS' ORIGINAL PETITION** at the following times and places, to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|---|---|---|
| | | |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being: _____

and the cause or failure to execute this process is: _____

and the information received as to the whereabouts of said defendant(s) being: _____

| FEES: | | |
|---|---|---|
| Serving Petition and Copy | $_____ | _____, Officer |
| Total | $_____ | County of _____, |
| | | State of _____ |
| | | By: _____, Deputy |

Affiant

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with TRCP Rule 107; the officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The return must either be verified or be signed under penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____, and my address is
_____(First, Middle, Last)

_____
(Street, City, Zip)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.
Executed in _____ County, State of _____, on the _____ day of _____

_____
Declarant/Authorized Process Server

_____
(Id # & expiration of certification)

**Rule 108. - Service in Another State.** Where the defendant is absent from the State, or is a nonresident of the State, the form of notice to such defendant of the institution of the suit shall be the same as prescribed for citation to a resident defendant; and such notice may be served by any disinterested person who is not less than eighteen years of age, in the same manner as provided in Rule 106 hereof. The return of service in such cases shall be completed in accordance with Rule 107. A defendant served with such notice shall be required to appear and answer in the same manner and time and under the same penalties as if he had been personally served with a citation within this State to the full extent that he may be required to appear and answer under the Constitution of the United States in an action either in rem or in personam.

Filed 12/10/2021 10:37 AM
Joanna Staton, District Clerk
District Court - Bell County, TX
by Melissa Wallace , Deputy

EXHIBIT A

NO. 21DCV327342

| | | |
|---|---|---|
| DENNIS BEIGHLE AND TINA BEIGHLE | § | |
| | § | |
| | § | |
| VS. | § | IN THE 169TH JUDICIAL DISTRICT COURT OF BELL |
| | § | COUNTY, TEXAS |
| | § | |
| NARINDERJIT SINGH AND MASUTA NATIONAL INC. | § | |

## AFFIDAVIT OF SERVICE

BEFORE ME, the undersigned authority, _____ Scott Oliver _____(Process Server), personally appeared **on this** ___7th__ **day of** ___December___ **, 2021** and stated under oath as follows:

1. My name is _____ Scott Oliver _____(server). i am authorized to deliver Texas Legal documents under rule 108 T.R.C.P.. I am over the age of eighteen (18), I am not a party to this case, and have no interest in its outcome. I am in all ways competent to make this affidavit and this affidavit is based on personal knowledge. The facts stated herein are true and correct. My business address is: _____ 915 L St. unit C, Sacramento, CA 95814 _____**(SERVERS ADDRESS)**

2. ON December 2, 2021 **(DATE) AT** _1_ : _37 PM_ ( )M (TIME) CITATION, PLAINTIFF'S ORIGINAL PETITION, came to hand for delivery to MASUTA NATIONAL INC. BY SERVING ITS REGISTERED AGENT, JASDEEP S. MASUTA.

3. ON December 7, 2021 **(DATE) AT** _7:30 PM_ ( ) M (TIME) The above named documents were hand delivered to: MASUTA NATIONAL INC. BY SERVING ITS REGISTERED AGENT, JASDEEP S. MASUTA by hand delivering to:

_____ Jasdeep S. Masuta _____

**(NAME AND TITLE) a person authorized to accept service @**

_____ 7845 Sandals Pl., Sacramento, CA 95829 _____

**(ADDRESS), in Person, in accordance to Rule 108 TRCP.**

**FURTHER AFFIANT SAYETH NOT.**

_____ [signature] _____
**SERVER'S SIGNATURE**

Scott Oliver
_____
**SERVER'S PRINTED NAME**

SWORN TO AND SUBSCRIBED before me by _SCOTT OLIVER_ (server) appeared on this _9th_ day of _Dec. 2021_, 2021 to attest witness my hand and seal of office.

_____ [signature] _____
NOTARY PUBLIC IN AND
FOR THE STATE OF _CALIFORNIA_
2021.12.610071

DEBORAH KAYE GASKINS
COMM. # 2291621
NOTARY PUBLIC - CALIFORNIA
SACRAMENTO COUNTY
MY COMM. EXP. JUNE 6, 2023

**SEE ATTACHED**
Notarial Certificate

EXHIBIT A

# CALIFORNIA ALL- PURPOSE
# CERTIFICATE OF ACKNOWLEDGMENT

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California                                    }

County of Sacramento                                  }

On 12/9/2021 before me, Deborah Kaye Gaskins, Notary Public
                                            (Here insert name and title of the officer)

personally appeared Scott Arthur Oliver

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____          DEBORAH KAYE GASKINS
Notary Public Signature          (Notary Public Seal)          COMM. # 2291621
                                                          NOTARY PUBLIC - CALIFORNIA
                                                          SACRAMENTO COUNTY
                                                          My Comm. Exp. JUNE 6, 2023

---

## ADDITIONAL OPTIONAL INFORMATION

**DESCRIPTION OF THE ATTACHED DOCUMENT**

PROOF OF SERVICE
_____
(Title or description of attached document)

_____
(Title or description of attached document continued)

Number of Pages _____ Document Date_____

**CAPACITY CLAIMED BY THE SIGNER**
- ☐ Individual (s)
- ☐ Corporate Officer

  _____
  (Title)
- ☐ Partner(s)
- ☐ Attorney-in-Fact
- ☐ Trustee(s)
- ☐ Other_____

2015 Version www.NotaryClasses.com 800-873-9865

### INSTRUCTIONS FOR COMPLETING THIS FORM

*This form complies with current California statutes regarding notary wording and, if needed, should be completed and attached to the document. Acknowledgments from other states may be completed for documents being sent to that state so long as the wording does not require the California notary to violate California notary law.*

- State and County information must be the State and County where the document signer(s) personally appeared before the notary public for acknowledgment.
- Date of notarization must be the date that the signer(s) personally appeared which must also be the date the acknowledgment is completed.
- The notary public must print his or her name as it appears within his or her commission followed by a comma and then your title (notary public).
- Print the name(s) of document signer(s) who personally appear at the time of notarization.
- Indicate the correct singular or plural forms by crossing off incorrect forms (i.e. he/she/they, is /are ) or circling the correct forms. Failure to correctly indicate this information may lead to rejection of document recording.
- The notary seal impression must be clear and photographically reproducible. Impression must not cover text or lines. If seal impression smudges, re-seal if a sufficient area permits, otherwise complete a different acknowledgment form.
- Signature of the notary public must match the signature on file with the office of the county clerk.
  - ❖ Additional information is not required but could help to ensure this acknowledgment is not misused or attached to a different document.
  - ❖ Indicate title or type of attached document, number of pages and date.
  - ❖ Indicate the capacity claimed by the signer. If the claimed capacity is a corporate officer, indicate the title (i.e. CEO, CFO, Secretary).
- Securely attach this document to the signed document with a staple.

Filed 12/29/2021 10:58 AM
Joanna Staton, District Clerk
District Court - Bell County, TX
by CLAIRE CHASE , Deputy

EXHIBIT A

CAUSE NO. 21-DCV-327342

| | |
|---|---|
| DENNIS BEIGHLE AND TINA BEIGHLE § | IN THE DISTRICT COURT OF |
| Plaintiffs § | |
| § | BELL COUNTY, TEXAS |
| § | |
| NARINDERJIT SINGH AND MASUTA § | |
| NATIONAL, INC., § | |
| Defendants § | 169TH JUDICIAL DISTRICT |

## DEFENDANT'S ORIGINAL ANSWER

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW **MASUTA NATIONAL, INC.,** one of the Defendants, in the above

numbered and entitled cause, and files this Original Answer and for such Answer would

respectfully show the following:

1.

Defendant invokes the provisions of Rule 92, <u>Texas Rules of Civil Procedure</u>; and does

thereby exercise its legal right to require Plaintiffs to prove all the allegations of their pleading,

which are denied, and, accordingly, Defendant generally denies the allegations of Plaintiffs'

pleading and demands strict proof thereof by a preponderance of the evidence.

2.

## <u>**AFFIRMATIVE DEFENSES**</u>

Defendant would show that Plaintiffs' damages, if any, were solely caused by matters or

conditions not under the control of Defendant, or by conduct of parties over whom Defendant

had no control. Said damages were caused in whole or in part by Plaintiffs' and/or third parties'

negligence, acts or omissions.  Accordingly, Defendant asserts all rights, privileges and remedies

169TH DISTRICT COURT
BELL COUNTY, TEXAS
FWD TO CC 12.29.21 MW
12/29/2021cm

afforded or available to it pursuant to Chapter 33 of the Texas Civil Practices & Remedies Code, and all applicable common and statutory laws of the state of Texas.

3.

Additionally, and/or in the alternative, Defendant would affirmatively show that Plaintiffs' injuries and damages, if any, were caused by an unavoidable accident and/or were not the result of negligence of any person or party.

4.

Plaintiffs' claims for exemplary damages against Defendant cannot be sustained, because an award of exemplary damages under Texas law by a jury that (1) is not provided any standard of sufficient clarity for determining the appropriateness, or the appropriate size of any exemplary damages award, (2) is not instructed on the limits on exemplary damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding exemplary damages, or determining the amount of an award of exemplary damages, in whole or in part, on the basis of invidiously discriminatory characteristics, (4) is permitted to award exemplary damages under a standard for determining liability for exemplary damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes exemplary damages permissible, and (5) is not subject to judicial review on the basis of objective standards, would violate Defendant's due process and due course of law rights guaranteed by the United States and Texas constitutions.

5.

Plaintiffs' claims for exemplary damages against Defendant cannot be sustained, because an award of exemplary damages under Texas law without proof of every element beyond a reasonable doubt and resolved by a unanimous jury would violate Defendant's due process rights guaranteed by the United States and Texas constitutions.

6.

Defendant pleads the limitation of recovery of exemplary damages as set forth in Section 41.006 of the Texas Civil Practice and Remedies Code (Vernon 1996).

7.

## REQUEST FOR JURY

Defendant in the above styled and numbered cause respectfully requests that this matter be set upon the Court's jury docket for trial by jury at such time as it is set for trial.  Defendant would show that in conjunction with this request the requisite jury fee has been tendered to the Clerk of the Court.

**WHEREFORE, PREMISES CONSIDERED**, Defendant prays that Plaintiffs recover nothing, that Defendant recovers costs of court, and Defendant requests general relief.

Respectfully submitted,

**NAMAN, HOWELL, SMITH & LEE, PLLC**
8310 Capital of Texas Highway North, Suite 490
Austin, Texas 78731
(512) 479-0300
FAX (512) 474-1901
aspy@namanhowell.com
jaltman@namanhowell.com

BY: _____
       P. Clark Aspy
       State Bar No. 01394170
       Jacqueline Altman
       State Bar No. 24087010

ATTORNEY FOR DEFENDANT, MASUTA
NATIONAL, INC.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document has been forwarded by the manner indicated below to all counsel of record on this 29th day of December 2021.

Ty Gibson
Brett Michael Hill
Gibson Hill, PC
636 Hawthorne Street
Houston, Texas 77006

_____
P. Clark Aspy